IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zion Rashaun Dukes, #389225,  )<br>  )<br>         Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Patricia Fields, Robert Shirrell,  )<br>Shane Jackson, and Bryan P. Stirling,  )<br>  )<br>         Defendants.  )<br>_____ ) | Civil Action No. 1:25-cv-13505-BHH<br><br>**ORDER** |

    This matter is before the Court upon Plaintiff Zion Rashaun Dukes' ("Plaintiff") *pro se* complaint, which alleges that his personal property was damaged while in the property control area at McCormick Correctional Institution. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

    On December 1, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without prejudice to Plaintiff's rights to refile an action in state court under the South Carolina Tort Claims Act, and without further leave to amend. (ECF No. 9.) In the Report, the Magistrate Judge explained that Plaintiff's complaint does not assert a cognizable claim under 42 U.S.C. § 1983 and Plaintiff has an adequate state court remedy for damage to his property. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

    The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 9), and the Court summarily dismisses this action without prejudice to Plaintiff's right to file an action in state court and without further leave to amend in this action.**

    **IT IS SO ORDERED.**

                                         /s/Bruce H. Hendricks
                                         United States District Judge

January 6, 2026
Charleston, South Carolina